*May Term, 1844.*

JUSTICE
v.
CHARLES.

---

JUSTICE and Another *v.* CHARLES.

Two counts in debt. To the first, which was on a promissory note given in 1841, with interest at ten *per cent. per ann.*, the defendant pleaded, that, on, &c., he bought of one *B.* a certain lot of ground for 1,000 dollars, and executed to him therefor two notes of 500 dollars each, with interest at six *per cent. per ann.*, taking from *B.* a bond conditioned for a conveyance for the lot on request; that *B.* assigned the notes to the plaintiff, which, at the plaintiff's request, and not upon any valuable consideration, the defendant took up, and gave the note in said count mentioned, and another for ———— ; and that *B.* had no title to the lot.

To so much of the interest on the note described in the first count as exceeds six *per cent. per ann.*, the defendant pleaded that he executed two notes of

May Term,
1844.

JUSTICE
v.
CHARLES.

500 dollars each, at six *per cent. per ann.* interest, to one *B.* for a certain lot of ground; that *B.* assigned the notes to the plaintiff; and that, on, &c., in 1841, the defendant, at the plaintiff's request, and not upon any valuable consideration, took up said notes, and gave the note in said count mentioned, and another for ———; they being for the balance due on the assigned notes.

*Held*, that both said pleas were bad.

The second count was on a promissory note given in 1842, with interest at ten *per cent. per ann. Held*, on demurrer to this count, that so much of the second section of the act of 1838 regulating interest, as allowed more than six *per cent. per ann.*, was repealed by an act of 1842; that the note described in said count, which was given after such repeal, was usurious and void; and that the count was therefore bad.

Thursday,
May 30.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—*Charles* brought an action of debt against *Justice* and another. The declaration contains two counts. The first count is on a promissory note executed on the 27th of *October*, 1841, for the payment to the plaintiff, one day after date, of the sum of 250 dollars with interest at the rate of ten *per cent. per annum*. The second count is on another promissory note, executed on the 2d of *February*, 1842, for the payment to the plaintiff, on demand, of 530 dollars, with interest at the rate of ten *per cent. per annum*. To the first count there are three pleas. 1. That on, &c., the defendants bought of one *Baldwin* a certain lot of ground for 1,000 dollars, and executed to him therefor two notes of 500 dollars each, with interest at six *per cent. per annum*, taking from *Baldwin* a bond conditioned for a conveyance for the lot on request; that *Baldwin* assigned the notes to the plaintiff, which, at the plaintiff's request, and not upon any valuable consideration, the defendants took up, and executed the note in said count mentioned, and another for ———; and that *Baldwin* had no title to the lot. The second plea, the defendants admit, cannot be supported. The following is the third plea. To so much of the interest on the note described in the first count as exceeds six *per cent. per annum*, the defendants say that they executed two notes of 500 dollars each, at six *per cent. per annum* interest, to one *Baldwin*, for a certain lot of ground; that *Baldwin* assigned the notes to the plaintiff; and that on the 27th of *October*, 1841, the defendants, at the plaintiff's request, and not upon any valuable consideration, took up said notes, and executed the note

in the first count mentioned and another for ———; they constituting the balance due on the assigned notes.

The plaintiff demurred to these pleas, and the defendants demurred to the second count.

The demurrers to the pleas were sustained, and the demurrer to the second count was overruled. Judgment for the plaintiff for the amount due on the notes described in the two counts of the declaration.

The first plea, which relies on a want of consideration for the promise, is bad. It shows that in consideration of two notes, on one of which the first count is founded, the plaintiff gave up to the defendants the two notes assigned to him by *Baldwin;* and thus, if as the plea says, the notes given up were without consideration, the plaintiff relinquished a right of action against *Baldwin* on the assignment of the notes given up. That relinquishment was a sufficient consideration for the notes executed to the plaintiff. Besides, the plea does not show but that the notes given up were for a much larger sum than those for which they were exchanged. The third plea attempts to show a want of consideration for part of the promise. With respect to that plea it is only necessary to say, that it admits that the defendants were indebted to the plaintiff in a certain sum of money, and shows that the note in question, payable one day after date, was given in part payment of the debt. There was plainly, then, a full consideration for the note with the legal interest contracted for, on which the first count is founded.

The validity of the second count remains to be examined. That count shows that the note described in it, was for the payment of a certain sum with interest at the rate of ten *per cent. per annum.* The second section of the act of 1838, regulating the interest of money, authorized such contracts as the one we are now considering. In 1842, however, an act was passed containing a section as follows: "So much of the second section of the act entitled An act regulating the interest of money in the state of *Indiana,* approved *February* 1, 1831, as allows a higher rate of interest than six *per centum per annum,* be and the same is hereby repealed." There was no statutory provision, when that repealing section was passed, which allowed a higher rate of interest than six *per*

*cent. per annum*, except the second section of the act of 1838 to which we have just referred; and the words, therefore, "Approved *February* 1, 1831," in the repealing section, are inconsistent with the other parts of that section. Those words were no doubt inserted in the repealing section by mistake, which probably occurred in copying the title of the printed act of 1838, containing the said second section, annexed to which title those words are inserted, although, in fact, that act was approved, not in 1831, but in 1838. The whole repealing section, leaving out the words "Approved *February* 1, 1831," correctly describes the second section of the act of 1838; and those words, being repugnant to the rest of the section which contains them, and inserted as we conceive by mistake, may be rejected. This is the only view of the repealing section of 1842, which can give effect to that section and to the obvious intention of the legislature, and we adopt it, though it must be admitted that the question is not free from difficulty.

Considering so much of the second section of the act of 1838 respecting interest, as allows a higher rate of interest than six *per cent. per annum*, to be repealed by the act of 1842, it follows that the note described in the second count, which was executed after such repeal, was usurious and void as being a contract expressly prohibited by the act of 1838.

The illegality of the note in question is shown by the second count, and the demurrer to that count, therefore, should have been sustained.

According to this opinion of the case, the judgment, which was obtained in *September*, 1843, in favour of the plaintiff for the amount of both the notes sued on is erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Fay*, for the plaintiffs.

*J. S. Newman*, for the defendant.