WILLIAMS *v.* RANK.

The payee of a note for 500 dollars sold it to a third person, and, at the request of the latter, the maker, who was present, took up the note and executed to him five other notes for 100 dollars each. *Held*, that in a suit on these new notes the maker could not prove a failure of consideration for the original note.

APPEAL from the *Tippecanoe* Circuit Court.

SMITH, J.—Debt upon a promissory note for the payment of 100 dollars by the defendant to the plaintiff, dated the 17th of *November*, 1840, and payable twelve months thereafter. Plea, the general issue, with an agreement that the defendant should be at liberty to give any evidence upon the trial which he might legally give under any special pleas. Finding and judgment for the defendant, from which an appeal was prayed for and granted.

After the plaintiff had given the note in evidence, the defendant proved that, in the year 1840, one *Van Doren* sold to the defendant, *Rank*, the right to sell patent sawmill dogs in a certain portion of territory in this state, for 750 dollars. In part payment of this sum, *Rank* gave *Van Doren* a note for 500 dollars. *Van Doren* afterwards sold this note to the plaintiff, *Williams*, for a valuable

consideration. When the latter was negotiating for it,
*Rank* agreed, at the instance of *Williams*, and for his
accommodation, that the note for 500 dollars, if *Williams*
procured it, should be split up into small notes to enable
*Williams* to trade them off. *Rank* accordingly gave *Wil-
liams* five notes for 100 dollars each for the note the latter
had thus purchased of *Van Doren*, one of which was the
note now sued upon. The defendant then gave evidence
tending to prove that the patent-right which *Rank* had
purchased of *Van Doren* was of little or no value, and
that, consequently, there had been a failure of considera-
tion for the note given by the former to the latter. This
evidence was objected to by the plaintiff, but the objec-
tion was overruled.

As there was no other defence made against the note
sued upon, it is evident the Court, to whom the cause was
submitted by the parties, without a jury, considered the
evidence relative to the failure of the consideration of the
note given by *Rank* to *Van Doren* relevant, and on that
ground found for the defendant. In the case of *Sloan* v.
*The Richmond Trading*, &c., *Co.*, 6 Blackf. 175, it was
held by this Court, that if the payor of a note represent
to a third person who is about to purchase it of the payee,
that the note is good and will be paid, he is precluded
from afterwards pleading a failure of the consideration
of the note against such third person as assignee. *Jus-
tice* v. *Charles*, 7 Blackf. 122, was a case very similar to
the present. A note given by *Justice* to one *Baldwin*, in
consideration of a lot of ground, had been assigned by
the latter to *Charles.* *Justice* renewed this note by giving
one payable directly to *Charles*, and, in a suit upon the
note thus renewed, it was held that the relinquishment
by *Charles* of a right of action against *Baldwin* on the
assignment of the note given up, was a sufficient consi-
deration for the note executed to *Charles*, and that *Justice*
could not, in a suit against him on the last-mentioned
note, plead a want or failure of consideration of the note
executed to *Baldwin*. One of the witnesses on the trial
of the present suit stated it was his "impression" that

Nov. Term,
1848.

McGRAGOR
v.
THE STATE.

*Williams* received the 500 dollar note of *Van Doren* without an assignment, but if this was so, it cannot make any material difference. It may reasonably be presumed that the assignment was waived in consequence of the agreement of the defendant, at the time the plaintiff was negotiating for it, to take it up and execute new notes payable directly to the plaintiff. It would seem useless to make an assignment upon a note which was to be immediately taken up and cancelled. We think, therefore, as the plaintiff had shown a *prima facie* right to recover on the note, there was not sufficient evidence to support the judgment for the defendant.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*H. W. Chase,* for the appellant.

*G. S. Orth,* for the appellee.