Nov. Term, 1848.

STURDEVANT v. PIKE.

---

STURDEVANT and Others *v.* PIKE and Others.

If an agent, appointed to sell lands, cause a conveyance to be made to himself, such conveyance, unless ratified by his principal, will, on application of the principal or his heirs, within a reasonable time, be set aside by a Court of equity, without inquiry as to its fairness.

On setting aside such conveyance, the Court should not proceed to determine the particular share to be relinquished to each heir, without first ascertaining and decreeing the share due to each, taking into consideration advances made, &c.

The contrary not being proved, it will be presumed, in this case, that an agent selling lands for his principal, and receiving the purchase-money therefor, has retained sufficient thereof to compensate him for his services and expenses.

ERROR to the *Dearborn* Circuit Court.

PERKINS, J.—Bill in chancery by. certain of the heirs, (some of whom are yet infants,) of Col. *Zebulon Pike*, deceased, against *Anderson F. Gage*, and others, heirs of said *Pike*. *Gage* is the only interested defendant, the others being merely formal ones. The bill charges that, on the 4th of *October*, 1827, the said Col. *Pike*, then being the owner of a tract of land containing 750 acres, and lying in *Delaware* county, *Ohio*, executed to said *Anderson F. Gage*, his son-in-law, a power of attorney to sell the same; that *Gage*, under said power, sold, during the fall of that year, to different persons, portions of said tract, making deeds and receiving payment therefor; and that, on the 10th of *December*, 1832, there being still unsold 292 acres of said land, said *Gage*, as attorney as aforesaid, for the nominal consideration of 500 dollars, deeded them to one *Jacob Rosencrantz*, in said *Delaware* county, *Ohio*,

Monday, January 15, 1849.

and immediately received from him a re-conveyance of the same to himself—adopting this as a mode of vesting in him (*Gage*) the legal title thereto. The bill prays that *Gage* may be compelled to account for the moneys received for the lands sold to strangers—that the conveyance to himself may be set aside, and he be required to relinquish to the heirs of *Pike* the 292 acres embraced in that conveyance.

A default was taken against the nominal defendants. *Gage* answered, admitting his appointment as *Pike's* attorney, his sale of portions of said tract of land and the reception of payment therefor, and his conveyance of the 292 acres to *Rosencrantz*, and their re-conveyance to himself, as charged in the bill; but insisting that he accounted to *Pike*, in his lifetime, for the whole of the proceeds of said sales. As to the lands sold to strangers, he says he paid over the proceeds to him, and as to those conveyed to himself, he says Col. *Pike* was indebted to him in a sum exceeding their value, and he adopted the transaction complained of as a mode of obtaining payment, and settled with Col. *Pike* accordingly.

The cause was submitted to the Court on bill, answer, exhibits, and depositions, and a decree rendered that *Gage* held said 292 acres in trust for the heirs of *Pike*, and that he convey to them, severally, the portions specified in the decree.

The land, the principal subject-matter of this suit, lies in *Ohio*, out, of course, of the jurisdiction of the Courts of this state; but as the defendant interested in the controversy was brought directly before the Circuit Court, it was authorized, as a Court of equity, to take cognizance of the cause, under the general rule that Courts of equity act upon the person. Story's Eq. Pl. 489. — 2 Story's Eq. 58.

As the sale of the 292 acres to *Gage*, was a sale by an agent to himself, if it had not been subsequently ratified, his principal, and of course the heirs of his principal, had a right, by an application to equity in a reasonable time, to have it set aside without any inquiry as to its fairness.

*Brackenridge* v. *Holland,* 2 Blackf. 377, and authorities cited, and notes.—1 Hilliard's Abr. 338, *et. seq.*—1 Story's Eq. 338.—Story on Agen. 248.—*Michaud et al.* v. *Girod et al.,* 4 How. U. S. 503. And see on this subject *McCormick* v. *Martin,* 5 Blackf. 509. Considering the location of the land in a foreign state, the enfeebled physical and mental condition of Col. *Pike* at the time of the transaction, and his decease soon after, the infancy of the heirs and their probable ignorance in the premises, we think the present application cannot be rejected as made too late.

Had, then, this sale by *Gage* to himself been ratified before the commencement of this suit? It devolved upon him to show satisfactorily that such was the fact. He contends that the evidence in the case does so, and relies mainly upon this item of it:

" Know all men by these presents, that I, *Zebulon Pike,* of *Dearborn* county, and state of *Indiana,* have, this 19th of *April,* 1833, discharged *Anderson F. Gage* from further duties as my agent, having been appointed by me to sell and convey a certain tract of land in the state of *Ohio,* in the year of our Lord, 1827. It is, therefore, due him that I should certify to all men concerned that he has well and truly performed the duties of that office, and that I entirely approve of the sales he has made, the deeds and conveyances given, and moneys received, to all of which we have this day settled and discharged each other from further obligations.                                   "*Zeb. Pike.*

" Witness present, *Sarah Wardell.*"

This instrument may go far to show that *Gage* satisfactorily accounted to *Pike* for the proceeds of the lands sold to strangers, and that he acquiesced in those sales; and, did it appear from it or other evidence in the cause, that *Pike* was made fully acquainted with the facts relative to the vesting of the legal title to the balance of the 750 acres tract in *Gage,* its bearing would be the same upon that transaction. It does not so appear, but rather the contrary. It does not appear that he even knew that it was so vested. The evidence is voluminous, and we can-

Nov. Term,
1848.

STURDEVANT
v.
PIKE.

not pretend to give even the substance of it here, but we are satisfied that we are not mistaken upon this point. The Court below, then, committed no error in decreeing that *Gage* held these lands in trust for *Pike's* heirs, and that he should relinquish the title to them. But his counsel insist that *Gage's* conveyance should have been annulled upon the terms that he should be paid for improvements made, have his purchase-money and interest refunded, &c. In this they would be right, did it appear that he had made any improvements or paid any purchase-money. *Michaud* v. *Girod, supra.—Lessee of Moody et al.* v. *Vandyke et al.* 4 Binn. 31.—*Harding et al.* v. *Handy,* 11 Wheat. 103; and see *Brackenridge* v. *Holland, supra.* It does not so appear. *Gage's* account against *Pike,* set forth in his answer, and claimed to be purchase-money paid, is for services in his agency, for moneys paid therein, and for boarding furnished. As he received, long before the alleged settlement, the money on the sales of the lands, we presume, under the circumstances of the case, the contrary not being proved, that he retained a sufficiency to compensate him for his trouble and expenses, and the boarding would seem to have been paid for during the time it was received. As to improvements, they were all made out of the rents. Were there no other objection to the decree in the case, therefore, but this, we should not disturb it. But the Court, instead of simply decreeing that *Gage* should relinquish his title to the heirs generally of *Pike,* proceeded to determine the particular share to be relinquished to each. It seems to us the Court should not have so proceeded without first ascertaining and decreeing the share due to each, taking into consideration advancements made, &c., according to the provisions of the R. S. p. 813. It appears, by the evidence, that one of the heirs had had a piece of land, lying in this state, conveyed to him by Col. *Pike* in his lifetime, and that the lands in question in this suit are the only remaining property belonging to *Pike's* estate. It does not appear, by the record before us, that the Court considered the question whether the division it made of this

property was a fair one considered in relation to advancements that might have been made; hence the shares given by this decree may be more than some of the heirs are entitled to. More evidence may be adduced on this point.

*Per Curiam.*—That part of the decree requiring *Gage* to convey a particular portion of the lands in question to each of the heirs is reversed; the remainder is affirmed, with costs, &c.

*D. S. Major, A. Brower, E. Dumont,* and *J. T. Brown,* for the plaintiffs.

*P. L. Spooner* and *J. Ryman,* for the defendants.