CHANDLER, Administrator, *v.* SCHOONOVER.

As a general rule, an administrator, upon a sale of the intestate's property, cannot receive in payment anything but money.

He cannot apply the proceeds of such sale upon his individual debts.

Thus, the purchaser of a lot at an administrator's sale, credited the amount of the notes for the purchase-money, with interest, on a note held by him upon the administrator, and the latter surrendered the notes for the purchase-money, and made a deed. *Held*, that this was no payment; and that an action by an administrator *de bonis non*, would lie to recover the purchase-money, or set aside the sale.

The admissions of a party must be received with caution by the jury, particularly, when the witness can only give part of them.

A receipt for money is *prima facie* evidence of its contents.

APPEAL from the *Warren* Court of Common Pleas.

DAVISON, J.—The complaint, in this case, alleges that

*Chandler*, who was the plaintiff, is the administrator, *de bonis non*, of *James Rowland*, deceased, and that one *Deloss Warren*, the former administrator, on the 26th of *February*, 1855, filed his petition in said Court, representing that the personal property of the intestate was insufficient to pay the outstanding debts against his estate, and praying that certain real property, describing it, be sold and converted into assets for the payment of debts, &c. Such proceedings were had on said petition, that *Warren*, as administrator, at the *July* term, 1855, reported that he had sold lot No. 136, in the west addition to the town of *Williamsport*, to said *Schoonover*, for 128 dollars, one-half payable in six months, and the residue in one year, with interest, and further, that he had taken *Schoonover's* notes for said purchase-money. Plaintiff avers that *Warren*, at the date of the sale, owed *Schoonover*, by promissory note, an amount larger than that of the notes given for said purchase-money, and that after sale of the lot, *Schoonover* entered a credit on the note which he held against *Warren*, for the amount of the notes, and interest thereon, given by him to *Warren* upon the sale of the lot, and *Warren* thereupon surrendered these notes to *Schoonover*, and then *Warren*, as administrator, made a deed to *Schoonover* for the property sold, viz., lot No. 136, in the west addition to the town of *Williamsport*, which deed was never confirmed by the Court. It is averred that *Schoonover* has never paid for the lot; that the purchase-money and interest, amounting to 200 dollars, remain unpaid. The prayer of the complaint is, that the plaintiff recover of *Schoonover* the 200 dollars, or that the sale of the lot be set aside, &c., and for general relief, &c. Defendant demurred to the complaint, but his demurrer was overruled, and he excepted. And thereupon he filed his answer, alleging that he had fully paid to *Warren*, the administrator, the aforesaid purchase-money and interest, &c. There was a reply in denial of the answer. Verdict for the defendant. New trial refused, and judgment.

In relation to the action of the Court upon the demurrer, the defendant has assigned a cross-error; hence, the first

question to be considered relates to the sufficiency of the complaint. It is insisted that the plaintiff has mistaken his remedy—that he should have sued *Warren* and his sureties on his administration bond. We think otherwise. As a general rule, an administrator, upon a sale of his intestate's property, is not authorized to receive in payment anything other than money. Evidently, he has no power to apply the proceeds of the sale of the intestate's property in discharge of his own individual liabilities, because the exercise of such a power would be inconsistent with his prescribed duties as administrator, and would, in our opinion, be against public policy. And in this instance, the defendant is without excuse, because the facts alleged plainly show that he must have known that *Warren*, when he authorized the proceeds of the sale of the lot to be credited on his individual indebtedness, was acting in violation of his trust. Williams on Executors, 5 Am. ed., p. 841. It is true, upon the case made by the complaint, an action against *Warren* and his sureties could have been sustained on his administration bond. Still, the defendant having, in view of the alleged facts, made no legal payment upon his purchase of the lot, the remedy adopted by the plaintiff is not, in our judgment, misconceived.

The evidence being closed, the plaintiff moved the following instruction, which was refused, viz.: "That *James Schoonover* will not now be in a worse situation than he would have been had he paid the money for said lot, as he can yet file his claim against the estate of *Deloss Warren*, and get a judgment for the principal and interest of his said note, which he so gave up to *Warren*." In looking into the record, we are unable to perceive anything to which this instruction can be applied; hence, it was objectionable on the ground of irrelevancy, and, therefore, correctly refused.

The defendant, at the proper time, moved these instructions:

1. "The admissions of a party must be received with caution by the jury, and particularly so, when the witness can only give a part of the admissions.

2. "That a receipt for so much money is *prima facie* <span>May Term,</span> evidence of that fact, and will avail the party to whom it <span>1860.</span> was given, unless overcome by more powerful and con-· vincing proof."

The instructions thus moved were given by the Court, and the plaintiff excepted. The exception was not, in our opinion, well taken. The instructions, it seems to us, enunciate correct expositions of the law, and therefore the Court, in giving them, committed no error. See 1 Phil. Ev., Notes by Cowen, Hill and Edwards, p. 462.

The evidence is upon the record, and though it is, to some extent, conflicting, were of opinion that it authorized the jury to find the issue of payment in favor of the defendant.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, in person.

*J. H. Brown* and *J. Park*, for the appellee.