MORRIS *v.* WHITMORE and Another.

NOVATION.—FRAUD.—Suit by A against B upon a promissory note. Answer, that at the time of the giving of the note, A was the owner of a hotel which he had leased to C; that the plaintiff and C falsely and fraudulently represented that C was making a profit of ten dollars per day in said hotel, &c.; that the consideration of the note was the purchase of said lease, &c., from C, and that the note was given to A in discharge of a debt due from C for rent. The evidence failed to show that A was in any way connected with the fraud.

*Held,* that this was a case of novation, and that the fraud of C could not be set up against the note.

APPEAL from the *Madison* Circuit Court.

GREGORY, J.—*Morris* sued *Whitmore* and *Jackson* on a promissory note. The defendants answered: 1. That the note was procured by fraud and misrepresentation, and is without consideration, in this: that at the date thereof the plaintiff was the owner of the hotel in the city of *Indianapolis* known as the *"Morris House;"* that prior to that time, plaintiff had leased the hotel to *McCutcheon* for a certain term, a part of which had not at that time expired, and *McCutcheon* was then· in possession thereof; that, with intent to cheat and defraud the defendants, the plaintiff

falsely and fraudulently represented that the hotel was doing a good business; that it was making for *McCutcheon* a clear profit of at least ten dollars per day; that it had a large custom of both boarders and travelers, and that it was in good condition; that these representations were false, and known at the time to be so by the plaintiff; that the defendants relied exclusively and entirely on said representations, and were induced by them to lease the hotel from the plaintiff; that the note was given in consideration thereof, &c.

2. That the note was given as the consideration, in part, of a lease from *James B. McCutcheon* of a certain hotel in the city of *Indianapolis,* known as the *"Morris House,"* which was owned by the plaintiff, and for no other consideration whatever; that the note was to have been made payable to *McCutcheon,* but was, by and through the false and fraudulent representations of the plaintiff and *McCutcheon,* as hereinafter stated, made payable to the plaintiff, and that no consideration ever passed from the plaintiff to defendants for the note; that prior to the date of the note, *McCutcheon* had leased the hotel from the plaintiff, a part of the term of which lease had not expired at the time of making the note; that at that time the defendant *Whitmore* was proposing to lease some hotel in said city; that the plaintiff and *McCutcheon,* with intent to cheat and defraud the defendants, and to induce *Whitmore* to lease the hotel, falsely and fraudulently represented to defendants that *McCutcheon,* who was then operating the hotel, was doing a flourishing business in the same; that the clear profits he derived therefrom exceeded the sum of ten dollars per day; that the house was in a good condition; that the same had a large number of daily and weekly boarders, and a large patronage from travelers, and that the unexpired term of *McCutcheon* was of great value, to-wit, five hundred dollars; that *Whitmore,* relying solely upon these representations, was induced by them to lease the house from the plaintiff, and to purchase from *McCutcheon* the

unexpired term of his lease, and the defendants, relying solely upon said representations, were induced thereby to execute the note; that these representations were false, and known at the time to be false by the plaintiff and *McCutcheon;* that the profits of the hotel were of no value whatever, and that the house was of a daily loss of at least ten dollars; that there were then very few boarders, and scarcely any travelers stopping at said hotel, and that the unexpired term of *McCutcheon* was of no value whatever; that during all of said transactions, the plaintiff, by and through his agent, *Lindfield Branham,* and *McCutcheon* acted together, as one person, and were *particeps criminis* in said fraud; that the note was procured by the plaintiff by fraud, and was given without any consideration whatever.

The plaintiff replied by the general denial. Trial by jury. Verdict for the defendants. Motion for a new trial overruled and judgment. The evidence is in the record.

On the 30th of *October,* 1861, *Thomas A. Morris* executed to *Henry Whitmore* a written lease of the *"Morris House,"* for the term of three years from the 21st day of *October,* 1861. The note sued on bears date the same day on which the lease was executed. *McCutcheon,* who was at the time in possession, as the tenant of *Morris,* was indebted to the latter in the sum of three hundred and sixty-one dollars, for rent. The note was given to, and accepted by, *Morris,* in full discharge of the debt due him from *McCutcheon.* There is a conflict in the evidence as to what was the consideration passing from *McCutcheon* to *Whitmore,* which induced the latter to execute the note to *Morris,* but there is no conflict as to the fact that the consideration which passed from *Morris* was the discharge of *McCutcheon* from his indebtedness to the former. The agency of *Branham,* mentioned in the answer, consisted in looking after and taking care of the plaintiff's property, to see that it did not take fire and was not injured. He had no power to execute leases, or to make any representations to persons wishing to rent. *Branham* told *Whitmore* that *McCutcheon* was doing no good

for himself. *Branham* was the clerk of *McCutcheon,* and was present when the latter told *Whitmore* that he, *McCutcheon,* was making money out of the hotel. But there is no evidence tending to connect *Morris* with this representation; he was not present, nor did he know any thing about it having been made, at the time he accepted the note and discharged *McCutcheon* from his indebtedness to him. *Branham* was not the agent of *Morris,* in making the lease. The books of the hotel showed that *McCutcheon* had not been making money.

This is a case of novation. The consideration of the note to *Morris* was the discharge by him of *McCutcheon* from the indebtedness of the latter to the former. In such a case, the defense in question could not prevail in the absence of fraud on the part of the plaintiff. *Williams* v. *Rank,* 1 Ind. 230; *Justice et al.* v. *Charles,* 7 Blackf. 121. We think the court below erred in overruling the plaintiff's motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*J. Davis,* for appellant.

*W. R. Pierse* and *H. D. Thompson,* for appellees.