## Brewer *v.* Parker and Another.

VENDOR AND PURCHASER.—*Incumbrances.*—*Promissory Note.*—*Assignment.*— *Consideration.*—*Estoppel.*—Where, upon the sale and conveyance by warranty deed of real estate, it is agreed by the grantor, the grantee, the surety upon a note not payable in bank, given by said grantee and said surety to said grantor in consideration of said conveyance, and the holder of an outstanding mortgage on said real estate that said note shall be asssigned by the payee to said mortgage creditor, who shall thereupon and in consideration thereof enter satisfaction of said mortgage, and said assignment is made and satisfaction is entered according to said agreement, it will not constitute a good defense to a suit on said note by said assignee against said maker and surety, that the maker, in order to prevent the sale of said real estate on execution, has been compelled to pay off a judgment for a greater sum than the amount of said note, existing, without his knowledge, at the date of said conveyance, and constituting a lien on said real estate junior to said mortgage, and that the grantor is insolvent and a non-resident of the State.

APPEAL from the Morgan Circuit Court.

PETTIT, C. J.—Suit by the appellant against the appellees on a promissory note (not payable in bank) payable to one Cord, and by him assigned to William Brewer, and by him to Henry Brewer, the plaintiff below and appellant here.

The defendants by answer admitted that they executed the

note sued on, but alleged that Parker executed the note as principal, and that the other defendant, John Brown, executed it as surety of Parker; that the note was given in consideration of the sale and conveyance by warranty deed, covenanting against all incumbrances, by said Cord to said Parker, of a certain piece of real estate (the deed being made a part of the answer); that at the time of making said deed there was an incumbrance upon the real estate, unknown to the defendant Parker, of a judgment against Cord, in the circuit court of the county in which the real estate was situate, for a greater sum than the note; that to prevent the sale on execution of said real estate, the said Parker was compelled to and did pay off and satisfy said judgment; that Cord was not a resident of the State, and was wholly insolvent.

The plaintiff replied, that at and before the date of the note, and before the sale of the land, there was an outstanding mortgage given by said Cord to William Brewer, to secure the payment of four hundred dollars for purchase-money for said real estate; that the mortgage was, before the date of the note sued on, for a valuable consideration, assigned by said William Brewer to the plaintiff; that the plaintiff was, before the sale of the land by Cord to defendant Parker, the owner of said mortgage, which was a lien on the land prior to the judgment lien mentioned in the answer; that before the sale of said land by Cord to Parker, it was agreed by and between Parker, Cord, and plaintiff, and the defendant Brown, that in consideration of the plaintiff's releasing his said mortgage lien upon the land, the said Cord might and would transfer the note sued on to the plaintiff; that pursuant to said agreement, and with the knowledge, procurement, consent, and direction of Parker, the plaintiff released his mortgage lien, and the said Cord transferred the note sued on to the plaintiff, in consideration of the plaintiff's having released his mortgage lien; and that Parker refused to purchase the land unless the plaintiff would release his

mortgage in consideration of the assignment to him by Cord of the note sued on.

The defendants demurred to the reply, because it did not contain sufficient facts, &c., and the court sustained the demurrer, which ruling was excepted to.

The only question before us in this case is the correctness of this ruling on the demurrer. We think that this was so clearly a good reply that we must reverse the judgment. We cannot conceive how a reply could more thoroughly or perfectly estop the defendants from setting up the defense stated in their answer. *Williams* v. *Rank*, 1 Ind. 230; *Morrison* v. *Weaver*, 16 Ind. 344.

The judgment is reversed, at the costs of the appellee; cause remanded, &c.

*S. Claypool* and *F. P. A. Phelps*, for appellant.
*A. Ennis*, for appellees.