## HAYNIE v. JOHNSON ET AL.

### No. 6890.

PRINCIPAL AND AGENT.—*Purchase by Agent from Principal.—Pleading.*— A., being the owner and payee of a note secured by mortgage on real estate, transferred the same to B. for collection, upon B.'s written agreement that if the mortgage should be foreclosed, and the property sold to satisfy the note and mortgage, B. would assign the judgment, or convey the property, to A. B. afterward foreclosed the mortgage, and purchased the property at the sale on the decree of foreclosure. In an action by A.'s assignee of the above agreement, against the heirs of B., to compel the defendants to assign the sheriff's certificate, and the judgment, to plaintiff, and to quiet title in him, defendants answered that B. had, prior to his death, purchased the note and mortgage from A.

*Held*, on demurrer, that the answer was sufficient.

*Held*, also, that the fact that B. had been the agent of A, would not prevent him from becoming a *bona fide* purchaser thereof from A , and such purchase, if made, would terminate the agency and divest A. and his as-

signee of all claims to the note and mortgage, if B., when he purchased, had no notice of the assignment to plaintiff of the contract between A. and B.

SPECIAL FINDING.—A statement of facts by the court, not made at the request of either party and not signed by the judge, can not be regarded as a special finding under the statute.

From the Warrick Circuit Court.

*I. S. Moore, D. V. Burns* and *C. S. Denny,* for appellant.
*J. G. Dailey* and —— *Armstrong,* for appellees.

ELLIOTT, J.—The complaint of the appellant alleged, in substance, as a cause of action, the following facts : That on the 25th day of May, 1872, one of the defendants, Henry J. P. Haynie, was the owner of a promissory note executed to him by the appellee Marcellus Johnson ; that the note was secured by mortgage on real estate, executed by Johnson ; that the said defendant Haynie transferred the note and mortgage to one Joshua Edwards for collection ; that said Edwards thereupon executed to said Henry J. P. Haynie the following written instrument, viz.:

"TAYLORSVILLE, May 28th, 1872.      $493.44.

" I have this day sold to Joshua Edwards a note of hand for four hundred and ninety-three and $\frac{44}{100}$ dollars, dated Dec. 28th, 1871, due one day after date, with ten per cent. interest from date, and stipulating for attorney's fees, and secured by mortgage.   And it is agreed by the parties, that if the mortgage has to be foreclosed, and the same bid in to satisfy the note, then I agree to assign the judgment, or deed the property, to H. J. P. Haynie or to his heirs.

"JOSHUA EDWARDS."

That on the 21st day of October, 1872, the said Henry J. P. Haynie assigned the said contract to appellant ; that said Joshua Edwards foreclosed the mortgage, obtained decree, caused a sale of the mortgaged premises to be made, and purchased the real estate at the sale on the decree. It is further shown that, after purchase by Edwards at the sheriff's sale, he died, leaving surviving

him his widow and children, who were defendants below and appellants here; and it is also shown that the appellee Johnson, who executed the mortgage, is in possession of, and claiming title to, the land covered by the mortgage. The prayer is, that the defendants be compelled to assign the sheriff's certificate and judgment to the plaintiff, and that plaintiff's title may be quieted.

To this complaint the appellees Edwards, Whitney, Smalley, and others, the widow and children of the deceased Joshua Edwards, answered in three paragraphs.

The second paragraph alone requires consideration by us. In this paragraph, the defendants alleged that Joshua Edwards had, prior to his death, purchased the note and mortgage from Henry J. P. Haynie and had paid him full value therefor, and that, since the death of Edwards, the administrator of his estate had paid the costs which accrued in the proceedings foreclosing the mortgage and selling the mortgaged real estate.

We think this answer was good. If, as the demurrer concedes, the appellees' ancestor had become the owner of the note and mortgage, then all claims of the appellant and his assignee were divested. The complaint shows the delivery of the notes and mortgage to Edwards, and there was nothing to prevent him from purchasing them of the owner. If the complaint showed that Edwards ever had any notice of the assignment to the appellant, then quite a different question would be presented, but nothing of the kind is claimed.

The assignment of error, attacking the ruling refusing a new trial, requires us to examine the evidence. It may be well to observe, before entering upon an examination of the evidence, that there is a special statement of facts made by the court; but this we can not regard as a special finding, under the statute, because it was not made at the request of either of the parties, and because it is not signed by the judge who tried the cause.

The plaintiff gave in evidence the instrument and assignment heretofore set out, the note, mortgage and record of the decree of foreclosure and sheriff's sale, and he also introduced evidence tending to prove the genuineness of the instrument upon which the complaint was founded.

The appellees introduced evidence tending to show that Edwards had bought the note from Henry J. P. Haynie; and, by some of the witnesses, the date of the purchase was fixed at a time anterior to that of the assignment to appellant. There is really no testimony contradicting that of the witnesses who swear that the note and mortgage were sold by appellant's assignor to the ancestor of the appellees, and the court below could not rightly have reached any other conclusion than that there was a sale for a full and fair consideration to Edwards by the assignor of appellant.

The appellant argues that the law is well settled, that, where an agent buys lands with the money of his principal and takes title in his own name, he may be compelled to convey to the principal, and cites *Huff* v. *Earl*, 3 Ind. 306, and *Sturdevant* v. *Pike*, 1 Ind. 277; and to this we fully assent, but the argument does not apply here.

There is nothing to overthrow the testimony of the witnesses, that the appellant's assignor had sold the note to Edwards; and, if this were so, then the purchase at the sheriff's sale was not made with the money of the principal, for, if there was a purchase of the note by Edwards, the relationship of principal and agent was at once terminated. If Edwards had been the agent of appellant's assignor, that would not prevent him from becoming a purchaser from his principal, provided the transaction was an open, just and honest one. So far as the evidence shows any thing upon this subject, it tends strongly to show that Edwards bought fairly and paid full consideration.

Judgment affirmed.