Judd *et al. v.* Martin.

No. 10,754.

JUDD ET AL. *v.* MARTIN.

PROMISSORY NOTE.—*Want of Consideration.*—*Surrender of Cause of Action.*— *Extension of Time.*—*Chattel Mortgage.*—*Execution of New Notes Payable in Bank.*—*Agreement.*—Where A. executed three promissory notes not nego- tiable by the law merchant to B., without consideration, and B. endorsed them to C. for value, and when the notes became due, upon B. undertak- ing to execute, and subsequently executing, a chattel mortgage to secure A., he became a joint maker with B. of three promissory notes for a like sum as the original notes, the new notes being payable to C. at a bank in this State at a future time;

*Held,* that admitting that A. might have defended successfully a suit by C. upon the three original notes, for want of consideration, as provided by section 5503, R. S. 1881, yet, as C. had a good cause of action against B. upon his endorsement, the loss of this right, and the surrender of the notes, constituted a sufficient consideration for the execution by A. of the new notes as surety for B.

*Held,* also, that the granting of the extension of time to B. for a definite period was a sufficient consideration for the execution by A. of the new notes as surety for and with B.

*Held,* also, that the execution of the chattel mortgage, in pursuance of the agreement therefor, if A. would sign, furnished a sufficient consideration moving to A. for his execution of the notes as surety.

INSTRUCTIONS.—*Legal Principles Applicable.*—*Conclusions Drawn from Facts.*— Where an instruction contains a correct statement of legal principles applicable to the evidence, the finding will not be disturbed, because the instruction does not apply legal principles, by stating the conclusions which should be drawn by the jury from concrete facts developed by the evidence, no such instruction having been asked.

From the Whitley Circuit Court.

*W. Olds,* for appellant.

*W. F. McNagny* and *T. R. Marshall,* for appellees.

BLACK, C.—The appellee sued the appellants, Judd and Williams, upon their three joint promissory notes payable in a bank in this State to the order of the appellee. Williams was defaulted. Judd answered in three paragraphs: *First. Non est factum,* under oath. *Second.* The general denial. *Third.* Want of consideration. To the third paragraph the plain- tiff replied by a general denial. There was a trial by jury and

the verdict was in favor of the plaintiff. Judd moved for a new trial, assigning as causes, first, that the verdict was not sustained by sufficient evidence and was contrary to law; second, that the court erred in giving instruction numbered five to the jury. The motion was overruled, and judgment was rendered on the verdict. Judd alone assigns as error the overruling of his motion for a new trial.

It is contended that upon the evidence the jury should have found for the defendant Judd upon the third paragraph of his answer. The evidence showed that at different times Judd had executed to Williams a number of promissory notes not payable in bank, and therefore not governed by the law merchant; that Williams had, for valuable considerations, endorsed these notes to the appellee, who held them until they all became due, when he placed them in a bank for collection or renewal. Judd and Williams together went to this bank, and the amount of said notes so placed there having been computed by a bank official, and three notes payable to the order of appellee, aggregating that amount and due respectively in six, nine and twelve months from that time, having been prepared by said official, they were then signed by Judd and Williams as joint makers, Williams agreeing with Judd to make him a chattel mortgage to indemnify him for signing these notes, which were the notes sued on in this action. The other notes were thereupon surrendered by said bank to Judd. On the same day, at a lawyer's office, Williams executed to Judd such a mortgage.

It is contended that it was shown that said notes executed by Judd to Williams and assigned by endorsement to the appellee were, as between Judd and Williams, without consideration. We will assume this to be true, and that, as claimed by counsel, if Judd had been sued on said notes by said assignee, the former might have availed himself of want of consideration as between him and Williams as a defence, as provided by statute, R. S. 1881, section 5503. Yet it does not

follow that the notes in suit were without consideration as against Judd.

The appellee had a good cause of action against· Williams as assignor of the notes surrendered. The loss of this right against Williams, which resulted from the acceptance of the new notes and the surrender of the old ones, was a sufficient consideration for the execution of the new notes by Judd. *Justice* v. *Charles,* 7 Blackf. 121 ; *Williams* v. *Rank,* 1 Ind. 230.

The granting of the extension of time for definite periods by Martin to Williams was a sufficient consideration for the execution of the new notes by Williams, and by Judd as his surety, in which capacity Judd appears to have executed the new notes. *Coffin* v. *Trustees, etc.,* 92 Ind. 337. Furthermore, the execution of the chattel mortgage, in pursuance of an agreement to execute it if Judd would sign, furnished a sufficient consideration moving to him for his execution of the notes as surety.

The portion of the fifth instruction to which objection is made is as follows: "A sufficient consideration may arise, *first,* by reason of a benefit resulting to the party promising to pay, or to a third person by the act of the promisee, or person to whom the promise is made. *Second,* by reason of the latter sustaining any loss or inconvenience, or subjecting himself to any charge or obligation, or parting with anything of value, upon the faith of the promise, with the knowledge and procurement of the person making the promise."

This is not liable to objection as an incorrect statement of legal principle, and the appellant does not object to it on such ground, but he contends that it was not applicable to the case. We think that the principle stated was applicable to the evidence. The instruction is, perhaps, deserving of criticism, as being an abstract statement. A charge which applies legal principles, by stating the conclusions which should be drawn by the jury from concrete facts developed by the evidence, will generally afford much greater aid to men unskilled in the

law.   But any proper instruction may be obtained by a party upon request, and a judgment will not be reversed except for injurious error, which we do not find in this record.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the costs of the appellants.

Filed Sept. 18, 1884.